IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YOLANDA M. STOKES,                )
                                  )
           Plaintiff,             )
                                  )
v.                                )    Civil Action No. 3:19cv469–HEH
                                  )
HOPEWELL ELECTORAL BOARD,         )
et al.,                           )
                                  )
           Defendants.            )

## MEMORANDUM OPINION
### (Granting Defendants' Motions to Dismiss)

This matter is currently before the Court on three Motions to Dismiss. Yolanda M. Stokes (*pro se* "Plaintiff") filed her Complaint on July 30, 2019 (Compl., ECF No. 5), alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (as amended) ("ADA"), as well as various provisions of the Virginia Code.[1] Defendants filed their Motions to Dismiss on August 28, 2019 (ECF Nos. 8, 9, 10).[2] The

---

[1] Plaintiff filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC") prior to initiating this lawsuit. (Compl. at 6.) The EEOC issued a Dismissal and Notice of Suit Rights on March 29, 2019, and Plaintiff filed her Application to Proceed *In Forma Pauperis*, including her Proposed Complaint, on June 25, 2019 (ECF Nos. 1, 1-2). Thus, this Court will treat Plaintiff's filings as having been timely filed within ninety (90) days of receipt of the Notice particularly because Defendants have not raised a challenge to the timeliness of Plaintiff's filings. (*Id.* at 7.)

[2] Defendant City of Hopewell filed its Motion to Dismiss for Lack of Jurisdiction (ECF No. 8). Defendant Mayor Jasmine Gore filed her Motion to Dismiss for Failure to State a Claim (ECF No. 9). The remaining Defendants—Secretary William Anderson, Vice-Chairman Sheila Mickelson, Chairman George Uzzle, Sr., and Hopewell Electoral Board—jointly filed their Motion to Dismiss Rule 12(b)(1) and 12(b)(6) (ECF No. 10). Thus, only where appropriate, the six defendants will be collectively referred to as the "Defendants."

parties fully briefed the issues. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court will grant Defendants' Motions to Dismiss.[3]

Beginning in May of 2018, Plaintiff was employed as the General Registrar/Director of Election for the City of Hopewell. (Compl. at 8.) Plaintiff's position is appointed by the Hopewell Electoral Board (the "Board"), and Plaintiff alleges that she "met and exceeded all the expectations" outlined by the then-Chairman, Vice-Chairman, and Secretary of the Board, Patrick Washington, David Silvestro, and Herbert Townes, respectively. (*Id.* at 8–9.) Plaintiff also claims that she had "known physical impairments" but that her employer did not make any attempt to reasonably accommodate her. (*Id.* at 6.)

At some point during Plaintiff's employment, David Silvestro and Herbert Townes were suspended and replaced by George Uzzle, Sr. and Sheila Mickelson. (*Id.* at 10.) On March 6, 2019, following this change of leadership, there was an emergency meeting of the Board, and the Board voted to remove Plaintiff from her position as the General Registrar/Director of Election for the City of Hopewell. (*Id.*) After being terminated,

---

[3] In response to Defendants'—City of Hopewell, George Uzzle, Sr., Sheila Mickelson, and William Anderson—Motion, Plaintiff filed her Motion to Strike Defendant's Motion to Dismiss on October 17, 2019 (ECF No. 14). Because the Court will grant Defendants' Motions to Dismiss, the Court will not address the merits of Plaintiff's Motion, and her Motion will be denied as moot.

Plaintiff filed this lawsuit, and Defendants now seek to dismiss her claims.[4]

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Accordingly, Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. Plaintiffs have the burden of proving subject matter jurisdiction. *Piney Run Pres. Ass'n v. Cty. Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008).

Because it has jurisdictional implications, the Court must initially address Defendants' challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). To the extent Defendants City of Hopewell and Mayor Jasmine Gore argue that Plaintiff's Complaint lacks any basis for subject matter jurisdiction, this Court disagrees. Plaintiff clearly alleges the ADA as the basis for federal jurisdiction. (Compl. at 4, 5.) Therefore, this Court finds this challenge unavailing.[5]

---

[4] Plaintiff also filed suit against Defendants City of Hopewell, George Uzzle, Sr., Sheila Mickelson, William Anderson, and Hopewell Electoral Board in the Circuit Court for the City of Hopewell on March 15, 2019. Plaintiff named the Virginia State Board of Elections as a defendant in her state court lawsuit as well but did not name Mayor Jasmine Gore as a defendant.

[5] The Court notes that whether Plaintiff alleges sufficient facts to support her ADA claim is a separate issue to be addressed under Rule 12(b)(6) and her failure to do so would undermine this Court's ability to exercise federal subject matter jurisdiction.

Defendants Hopewell Electoral Board, George Uzzle, Sr., Sheila Mickelson, and William Anderson assert Eleventh Amendment immunity for monetary relief sought from them in their official capacities. (Defs.' Mem. Supp. 5–7, ECF No. 11.) A local electoral board and its members are considered state employees for the purposes of the Eleventh Amendment. *McConnell v. Adams*, 829 F.2d 1319, 1326–29 (4th Cir. 1987). Thus, Defendants Hopewell Electoral Board, George Uzzle, Sr., Sheila Mickelson, and William Anderson are entitled to immunity from Plaintiff's claims for monetary relief, and Plaintiff's relief against these Defendants in their official capacities is restricted to "'prospective, injunctive relief . . . to prevent ongoing violations of federal law . . . .'" *Bland v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013) (quoting *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010)).

Therefore, to the extent this subject matter jurisdiction challenge pertains to immunity from monetary relief, Defendants'—Hopewell Electoral Board, George Uzzle, Sr., Sheila Mickelson, and William Anderson—Motion will be granted. However, because Plaintiff seeks an offer of re-instatement for alleged violations of the ADA, the Court will consider Plaintiff's claims against these Defendants insofar as she seeks prospective, injunctive relief.[6]

---

[6] The Court notes that whether an offer of re-instatement constitutes prospective, injunctive relief appears to be unsettled in the Fourth Circuit. The Fourth Circuit has, however, recognized that "the request for prospective reinstatement of benefits is precisely the type of relief . . . that plaintiffs may seek consistent with the Eleventh Amendment . . . ." *D.T.M. ex rel. McCartney v. Cansler*, 382 F. App'x 334, 337 (4th Cir. 2010). The Court finds the request for an offer of re-instatement in this case to be sufficiently analogous to continue its analysis; however, it makes no finding as to whether an offer of re-instatement, generally, constitutes prospective, injunctive relief for the purposes of the Eleventh Amendment.

Before pursuing a lawsuit in federal court, an ADA plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. § 12117(a). The contents of the EEOC charge then govern the scope of the plaintiff's right to file a federal lawsuit. *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012) (citing *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)). However, "so long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.'" *Id.* at 594 (quoting *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)); *see also id.* at 593–94 (indicating that, because the ADA incorporates Title VII's enforcement procedures, the standards governing Title VII also apply to the ADA when determining whether a plaintiff has exhausted her administrative remedies and put the defendant(s) on notice of her claims). Furthermore, in determining the scope of a plaintiff's judicial complaint, a court may construe the claims detailed in an EEOC charge liberally. *Alvarado v. Bd. of Trs.*, 848 F.2d 457, 460 (4th Cir. 1988).

Defendants each contend that Plaintiff failed to exhaust her administrative remedies under the ADA. Plaintiff's Charge alleges race and disability discrimination, failure to accommodate, and retaliation by Plaintiff's employer. (Compl. Ex. 1, at 2, ECF No. 5-1.) In addition to explaining that her employer was a participant in this alleged misconduct, Plaintiff specifically names Defendants City of Hopewell and Sheila Mickelson in her Charge. (*Id.*) Construing Plaintiff's Charge liberally, the Court finds that the factual allegations in Plaintiff's Charge sufficiently "describe the same conduct

5

and implicate the same individuals" that Plaintiff details in her Complaint. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (quoting *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001)). Therefore, insofar as Defendants' subject matter jurisdiction challenges pertain to the ADA's exhaustion requirements, Defendants' Motions will be denied.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* (citations omitted). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

The ADA prohibits employment discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." § 12112(a); *see Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) ("The ADA makes it unlawful for covered employers to 'discriminate against a qualified individual on the basis of disability.'" (quoting § 12112(a))). A "qualified individual" is a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8). "Disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities." § 12102(1)(A).

To establish a *prima facie* case of disability discrimination, the plaintiff must prove: (1) that she has a disability; (2) that she is otherwise qualified for the employment or benefit in question; and (3) that she was excluded from the employment or benefit due to discrimination solely on the basis of the disability. *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264–65 (4th Cir. 1995). Whereas, in a failure to accommodate case, the plaintiff establishes a *prima facie* case by showing that: (1) she has a disability within the meaning of the statute; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could have performed the essential functions of the position; and (4) the employer refused to make such accommodations. *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 322 (4th Cir. 2011) (unpublished) (citing *Rhoads v. Fed. Deposit Ins.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).

The ADA also prohibits retaliation against any individual because such individual has opposed any act or practice made unlawful by the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. § 12203(a). To establish a *prima facie* case for retaliation, a plaintiff must prove 1) she engaged in protected conduct, 2) she suffered an adverse action, and 3) a causal link exists between the protected conduct and the adverse action. *Reynolds v. American Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012).

As best as can be discerned from Plaintiff's Complaint, she alleges claims under the ADA for disability discrimination, failure to accommodate, and retaliation. (Compl. at 4–6.) Plaintiff asserts that she has "chronic pain; prosthetic hip; and

fibroymyasia."[7] (*Id.* at 5.) Plaintiff also argues that her termination "constitutes discrimination in employment" and that "Defendants' failure to make any attempt to reasonably accommodate the known physical impairments from which [Plaintiff] was suffering from at the time of her termination" violates the ADA. (*Id.* at 6.) She further claims she "met and exceeds all [] expectations." (*Id.* at 9.) Yet, Plaintiff fails to establish a *prima facie* case of any of her claims.

When liberally construing the Complaint as this Court must, Plaintiff's Complaint contains no more than "labels and conclusions." *Twombly*, 550 U.S. at 555; Compl. ¶ 4–6. Conspicuously absent is any factual basis to support such claims as Plaintiff does not put forth any evidence showing that she was qualified for her employment, informed her employer of her disability, engaged in any protected conduct under the ADA, or that she was removed because she engaged in such protected conduct. *See Rhoads*, 257 F.3d at 387 n.11 (citing *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999); *Reynolds*, 701 F.3d at 154 ("[T]he employer must have taken the adverse employment action because the plaintiff engaged in a protected activity."). Therefore, viewed in the light most favorable to Plaintiff, her claims of disability discrimination, failure to accommodate, and retaliation are not adequate to survive Rule 12(b)(6) scrutiny. Accordingly, Plaintiff fails to state a claim under the ADA for any relief against

---

[7] Defendants Hopewell Electoral Board, George Uzzle, Sr., Sheila Mickelson, and William Anderson dispute that Plaintiff satisfies the ADA definitions for "qualified individual" and "disability," and Plaintiff offers no further explanation of her conditions nor does she provide any argument on these points. Because Plaintiff is *pro se* and the Court must construe her Complaint liberally, this Court will assume, without deciding, that Plaintiff's allegations are sufficient to satisfy these definitions.

9

Defendants City of Hopewell and Gore, and also fails to state a claim under the ADA for prospective, injunctive relief against Defendants Hopewell Electoral Board, George Uzzle, Sr., Sheila Mickelson, and William Anderson. Thus, given the absence of any plausible ADA claims, Plaintiff's Complaint fails to state any claims arising under federal law.

This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [where] the district court has dismissed all claims over which it has original jurisdiction . . . ."). Because this Court has dismissed all of Plaintiffs' claims over which it has original jurisdiction, for the reasons discussed *supra*, the Court need not resolve Plaintiffs' remaining state law claims, which arise under the laws and constitution of the Commonwealth of Virginia.

Accordingly, Defendants' Motions to Dismiss will therefore be granted, and Plaintiff's Complaint will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 6, 2020
Richmond, Virginia